7IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

EVELIO DROZ RAMOS
AUREA ESTHER FRANCO DE DIAZ

DEBTORS

_____

EVELIO DROZ RAMOS
AUREA ESTHER FRANCO DE DIAZ

PLAINTIFFS

V.

PR ASSET PORTFOLIO 2013-1
INTERNATIONAL, LLC

JOSE R. CARRION MORALES
CHAPTER 13 TRUSTEE

DEFENDANTS

CASE NO 14-08190 ESL

CHAPTER 13

ADV PROC NO. 16-00152 ESL

Complaint to Determine Validity of
Lien

**PLAINTIFFS' REPLY TO _MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE_,
DOCKET NO. 10**

TO THE HONORABLE COURT:

**COME NOW, EVELIO DROZ RAMOS and AUREA ESTHER FRANCO DE
DIAZ**, debtors in the above captioned case, through the undersigned attorney, and very
respectfully state and pray as follows:

**1.** Defendant PR Asset Portfolio 2013-1 International LLC ("PRAPI") filed a _Motion
to Dismiss the Complaint With Prejudice_, docket entry no. 10, basically stating that the
allegations asserted by Plaintiffs in the above captioned adversary proceeding ".. have
already been litigated before the Puerto Rico Courts, resulting in a final and unappealable
judgment (the 'Judgment') … as well as a subsequent related order, unfavorable to
Debtors,

Page – 2-
Adv. Proc. no. 16-00152 ESL
Bk. Case no. 14-08190 ESL13

denying their request to cancel PRAPI's lien, based on their allegations that said lien was 'wrongly registered'." _Motion to Dismiss Complaint With Prejudice_, at paragraph I., page 1, docket entry no. 10.

2.  The debtors hereby respectfully reply to PRAPI's motion to dismiss based on the following facts, arguments and legal grounds.

### A. Defendant's allegation that the present complaint is filed to seek reversal of an unfavorable State Court Judgment, thus the Rooker-Feldman Doctrine applies, is based on an incorrect procedural premise

1.  Defendant bases its motion to dismiss on the grounds that the First Instance Court of Puerto Rico, Bayamon Part (hereinafter the "State Court") issued a "final and unappealable judgment … as well as a subsequent related order unfavorable to Debtors, denying their request to cancel PRAPI's lien…", and that Plaintiffs are seeking a "reversal of an unfavorable state-court judgment and subsequent order." _Motion to Dismiss Complaint With Prejudice_, at paragraph I., page 1-2, docket no. 10.

2.  Therefore, in the event that the above captioned adversary proceeding filed at the U. S. Bankruptcy Court for the District of Puerto Rico seeks to reverse a final State Court judgment or order, the Rooker-Feldman doctrine applies and the present Complaint should be dismissed.

3.  In its motion for dismissal, PRAPI states and acknowledges that Plaintiffs/Debtors filed at the State Court of Appeals a request for _certiorari_ concerning the State Court orders related to the validity of PRAPI's lien, and that the same was _subjudice_.

4.  However, PRAPI requests the dismissal of the present Complaint on the grounds that the Plaintiffs had already litigated the issue concerning PRAPI's lien and the State Court had issued an alleged "final and unappealable judgment" and "subsequent order"

Page –3-
Adv. Proc. no. 16-00152 ESL
Bk. Case no. 14-08190 ESL13

unfavorable to the herein Plaintiffs/Debtors, thus, Plaintiffs could not seek reversal of said unfavorable judgment and order through the above captioned adversary proceeding.

5. Although PRAPI's argument seems contradictory, given the fact that the issue before the State Court is *subjudice*, the same has become "moot" since the State Court of Appeals has issued a *Judgment*, dated September 16, 2016, whereby the aforestated State Court Order, concerning PRAPI's lien, **was reversed and the case remanded for further proceedings**. (Our emphasis).

6. In its September 16, 2016, *Judgment*, the State Court of Appeals stated that the "…instance court erred since it did not entertain defendant's request on its merits…", and that the State Court order was "…contrary to law and fails to grant any remedy for the litigating parties…". *Judgment*, at pages 7-8, dated September 16, 2016, Court of Appeals, Bayamon Judicial Region, Panel VII. (Our translation).

7. Therefore, the State Court of Appeals remanded the State Court case for further proceedings, specifically to determine the validity of PRAPI's lien and whether or not to grant its cancellation at the Property Registry, as requested by defendants in the State Court case.

8. Based on the aforestated, Plaintiffs understand that since there has been no final ruling by the State Court on the specific issue concerning the validity of PRAPI's lien, the Rooker-Feldman Doctrine is inapplicable to the facts herein presented.

**B. The application of the "abstention doctrine" to a bankruptcy "core proceeding"**

9. The issue remains, thus, before this Honorable Bankruptcy Court to determine whether or not to apply the "abstention doctrine" to the present "core proceeding" although the same matter is before the

Page –4–
Adv. Proc. no. 16-00152 ESL
Bk. Case no. 14-08190 ESL13

State Court but the same has not been adjudicated.

10. Pursuant to 28 U.S.C. Section 1334(c) a bankruptcy court under some circumstances must, and under other circumstances may, abstain from hearing core or non-core matters.

11. Section 1334(c)(2) requires mandatory abstention from **non-core matters** which can be timely adjudicated in state court in a previously commenced case. 28 U.S.C. Section 1334(c)(2).

12. It is undisputed that the above captioned adversary proceeding is a "core proceeding" based on Plaintiffs' request to the Court to determine the validity of a security or lien claimed by PRAPI in its proof of claim filed in the above captioned bankruptcy case.

13. An adversary proceeding against a creditor who has filed a proof of claim against the estate is core because under Section 157(b)(2)(B) the adversary proceeding would affect the allowance or disallowance of the creditor's claim. *In Re Iridium Operating LLC*, 285 B.R. 822 (D. Court SD New York 2002).

14. Therefore, since the present adversary proceeding is a "core" matter, "mandatory abstention" under 11 U.S.C. Section 1334(c)(2) does not apply and the abstention decision can only be made pursuant to Section 1334(c)(1), which leaves abstention to the district judge's discretion. *In Re S.G. Phillips Constructors, Inc.*, 45 F.3rd 7[02] (2nd Cir. 1995).

15. The standards that a Bankruptcy Court must adhere to when exercising its discretion concerning abstention are not clear from the reading of Section 1334(c)(1).

16. The legislative history and the related case law suggest that there may be cases in which it is more appropriate for a state court to hear a particular matter of state law, i.e., when there is an unsettled question

Page –4–
Adv. Proc. no. 16-00152 ESL
Bankruptcy Case no. 14-08190 ESL13

of state law, or a case such as divorce or child custody matters. H. J.
Sommer, *Consumer Bankruptcy Law and Practice*, 12th Ed., Section 14.5.3,
at page 435.

### C. Reasons for denying the request for abstention and dismissal with prejudice of the above captioned adversary proceeding.

17. The Defendant PRAPI claims having a valid lien over property of the
Debtors.

18. 28 U.S.C. Section 1334(e) provides that the bankruptcy court has
"…exclusive jurisdiction… of all the property, wherever located, of
the debtor as of the commencement of such case, and of property of
the estate…". 28 U.S.C. Section 1334(e).

19. The Bankruptcy Court should not abstain from deciding an issue over
property within its exclusive jurisdiction. *In Re S.E. Hornsby & Sons
Sand and Gravel Co., Inc.*, 45 B.R. 988, 996 (Bkrptcy. M.D. La 1985).

20. "Many (if not most) of the issues determined by the Court depend on
state law… virtually all lien questions involve state substantive law,
yet they must be decided by the Bankruptcy Court". *In Re S.E.
Hornsby & Sons Sand and Gravel Co., Inc.*, 45 B.R. at 997.

21. In the present case, it is undisputed that the present adversary
proceeding is a "core" matter, and that whether or not the Bankruptcy
Court abstains from hearing this matter is within its [the Court's] sole
discretion.

22. The Plaintiffs respectfully understand that the reasons for this Court
to deny the request for abstention are that the Defendant PRAPI filed
a proof of claim as a secured creditor claiming a security interest over
property of the estate, that this Honorable Court has "exclusive
jurisdiction" over property or the bankruptcy estate, that the
Plaintiffs/Debtors are alleging that said lien was "incorrectly

Page –5–
Adv. Proc. no. 16-00152 ESL
Bk. Case no. 14-08190 ESL13

registered" and that the defect in its registration is of such nature that the same would cause PRAPI to lose its security and thus, its secured creditor classification, in the above captioned bankruptcy case.

23. Based on the above stated, the Plaintiffs/Debtors respectfully understand that the Bankruptcy Court should not abstain in deciding the present "core" matter in the above captioned adversary proceeding.

24. Therefore, the Defendant's motion for dismissal with prejudice, docket entry no. 10, should be denied, in the above captioned bankruptcy proceeding.

## D. The Defendant's request for an award of attorneys fees and/or sanctions appears to be unreasonable and unfair.

25. In the State Court foreclosure case, PRAPI requested and obtained a writ of execution and an order to sell at a public auction Plaintiffs'/Debtors' real property.

26. On December 30, 2013, Plaintiffs/Debtors, through their State Court Counsel, filed an urgent motion requesting the State Court to **stay** the public auction since the property which was going to be auctioned did not match with the property given as collateral to PRAPI's claim.

27. On March 20, 2014, PRAPI filed a motion in compliance with a State Court order, *inter alia.*, consenting to the stay of the State Court public auction.

28. Although PRAPI has been litigating its defenses before the State Court, it is undisputed that PRAPI does not have a duly registered mortgage lien over the real property which was specifically given as collateral to PRAPI's claim.

Page – 6-
Adv. Proc. no. 16-00152 ESL
Bk. Case no. 14-08190 ESL13

29. Notwithstanding, on February 12, 2016, PRAPI filed a **secured** claim
in Plaintiffs'/Debtors' bankruptcy case, in the sum of $736,156.06
(POC #12-1) claiming that it has a "duly recorded lien", although
PRAPI knows and is fully aware that its alleged mortgage lien was
recorded on a different real property from the one given as collateral
to its claim, that it "consented" to the stay of the public auction at the
State Court foreclosure case and that this issue concerning its lien
validity is being litigated at the State Court foreclosure case and the
same is pending resolution.

30. On the other hand, PRAPI did not request the State Court to stay the
foreclosure case because of the bankruptcy filing by Plaintiffs/Debtors
and PRAPI did not request the Bankruptcy Court to "lift the
automatic stay" to continue with its State Court foreclosure case since
it knows and is fully aware that PRAPI is unable to foreclose its lien.

31. Based on the aforementioned facts, Plaintiffs respectfully understand
that PRAPI has not acted with "clean hands" in the present case,
specifically, requesting sanctions against a party that is trying to
defend their homestead against a creditor with a defective lien.

32. Furthermore, a request for sanctions is governed by Rule 9011 of the
Federal Rules of Bankruptcy Procedure.

33. Pursuant to Rule 9011, if the request for sanctions is made through
motion, the same has to be made separately from other motions or
requests and shall describe the specific conduct alleged to violate
subdivision (b).

34. The motion for sanctions may not be filed with or presented to the
court unless, within 21 days after service of the motion the challenged
paper, claim, defense, contention, allegation or denial is not
withdrawn or appropriately corrected. Rule 9011 FRBP.

**Page – 7-**
**Adv. Proc. no. 16-00152 ESL**
**Bk. Case no. 14-08190 ESL13**

35. PRAPI did not follow Rule 9011 when it requested the aforestated sanctions in its motion for dismissal.

36. Furthermore, PRAPI alleges that Plaintiffs acted lacking good faith in filing the present complaint since PRAPI's counsel sent an email inviting Plaintiffs' counsel to meet to discuss the case and the same was declined. A copy of the aforestated email and its reply by Plaintiffs' attorney was made part of PRAPI's motion for dismissal.

37. PRAPI requests this Honorable Court to impose sanctions against Debtors for lack of good faith on the grounds that it has attempted to "reach an agreement" and Debtors have "…rejected the possibility of a meeting". *Motion to Dismiss the Complaint With Prejudice*, at pages 10-11, docket no. 10.

38. Plaintiffs respectfully differ from PRAPI's aforestated contention, specifically considering that in their reply to PRAPI's email, Plaintiffs/Debtors requested PRAPI to submit in writing, any settlement offer concerning this matter, which PRAPI failed to reply to.

39. Based on the above stated, Plaintiffs/Debtors respectfully understand that there are no factual or legal grounds to impose sanctions against Plaintiffs/Debtors, as requested by PRAPI in its motion for dismissal, in the above captioned adversary proceeding.

**WHEREFORE** debtors respectfully pray that Defendant PRAPI's *Motion to Dismiss the Complaint With Prejudice*, docket entry no. 10, be denied.

**Page – 8-**
**Adv. Proc. no. 16-00152 ESL**
**Bk. Case no. 14-08190 ESL13**

**I HEREBY CERTIFY** that on this same date a copy of this notice was sent via electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the Chapter 13 Trustee and other CM/ECF participants; I also certify that I have mailed by Regular United States Postal Service copy of this motion to the following non-participants: debtors, Evelio Droz Ramos and Aurea Esther Franco De Diaz, PO Box 3652 Bayamon Gardens Station Bayamon PR 00958; I also certify that a copu of this Reply was sent via US Regular Pre-paid First Class Mail to: Briseida Y. Delgado \ Miranda, Esq., *Delgado-Miranda Law Offices*, PMB 112 130 Winston Churchill Ave Suite 1 San Juan PR 00926 Counsel for PR Asset Portfolio Int'l LLC, in the above captioned case.

**RESPECTFULLY SUBMITTED**.  In San Juan, Puerto Rico, this 19th day of October, 2016.

/s/***Roberto Figueroa Carrasquillo***
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR PLAINTIFFS/DEBTORS
PO BOX 186 CAGUAS PR 00726-0816
TEL 787-744-7699FAX 787-746-5294
EMAIL: rfigueroa@rfclawpr.com